SIVA of Faleasao, Plaintiff

v.

ASOAU of Faleasao, Defendant

# No. 1-1940

# High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Malae" in Faleasao]

## October 3, 1940

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge; and* LIUFAU, *District Judge.*

## DECISION

Heard at Tau, September 11, 1940.

Moetului, counsel for Siva; Faiaoga, counsel for Asoau.

MORROW, *Chief Justice*.

Asoau had the land Malae in Faleasao surveyed and thereafter, pursuant to Sec. 74 of the Codification, made application to the Registrar of Titles to have the land as surveyed registered as his property. He filed the survey with the Registrar. Siva filed an objection to the proposed registration, claiming that the land was his. Hence this litigation. See Sec. 74 (3) of the Codification.

At the hearing it appeared that Siva and Asoau each claimed ownership of the land in his capacity as a matai, and not as an individual.

It is clear from the evidence that for many, many years prior to the establishment of the Government in the Manua Group in 1904 and continuing up to the present time the land has been continuously occupied and used by the members of the Asoau family under a claim of ownership, save in a few instances where they have permitted others after the establishment of the Government in Manua to occupy and use parts of it, always retaining the general ownership nevertheless. The land, being occupied and used by that family at the time of the establishment of the Government in Manua was Asoau property at that time under Samoan custom. *Salavea L. of Leone v. Ilaoa of Leone*, No. 2-1938.

"And, as we before observed that occupancy gave the right to the temporary *use* of the soil, so it is agreed upon all hands that occupancy gave also the original right to the permanent property in the *substance* of the earth itself; which excludes everyone else but the owner from the use of it." II Blackstone's Commentaries 8. It is significant that

Blackstone's statement on the manner of acquisition of the original title to land is in substantial accord with Samoan custom.

■ The cession of the Manua Group to the United States in 1904 did not affect private land titles. *Salavea L. of Leone v. Ilaoa of Leone,* supra; *Talo v. Poi,* No. 16-1937. Therefore, unless the Asoau family has parted with its title since 1904, the land Malae is still its property. While there was evidence that various Asoaus had permitted use of parts of the land by others, it does not appear that they parted or intended to part with the ownership of such parts. It follows, therefore, that the land Malae is family land belonging to the Asoau title.

■ We think that Siva's own testimony shows conclusively that the land is Asoau property and not Siva's. In response to an inquiry of Siva as to whether he had rendered service to an Asoau, he testified "Yes for Asoau Filifaatali." This circumstantially shows that he is a member of the Asoau family. He also testified that he was a candidate for the Asoau title when the present Asoau received it and that he was "the true heir of Asoau Vaipuata." His testimony reveals the fact that he belongs to one branch of the Asoau family. He admitted that various Asoaus are buried on the land and that there are Asoau houses and plantations on the land, and said that he (Siva) "descended from Asoau Taiga." In response to the question: "Has that land (Malae) been in the possession of Asoau ever since the Government was established?" Siva answered "Yes."

■ It also appears from his own testimony that he made no claims to the ownership of the land until his candidacy for the Asoau title in 1926 was unsuccessful, and the present holder received the name from the family. Siva testified that he was 59 years old, had been familiar with the land since 1900, and had lived in Faleasao from 1907 to

1928. For him to see land occupied and used daily from 1907 to 1926 by others claiming it as their own without objection or assertion of ownership in himself during all that time is a strong circumstance indicating that such land was not his. One does not ordinarily stand by in silence for 19 years while watching someone else occupy and use his property for that period. Such conduct is not according to human nature. If it was Siva's land why didn't he make some claim to it during those 19 years? We can come to no other conclusion from his own testimony than that land was not Siva's and he knew it. Not only does his testimony fail to show that it was his, but on the other hand it shows that it belongs to the Asoau.

While it is not necessary to a proper decision of this case, it may very properly be stated that if in 1904, when the Government was established in Manua, there was any defect in the Asoau title to the land, that defect has long since been removed through the operation of the Statute of Limitations. That Statute (21 James I, Chap. 16) passed by the English Parliament in 1623 is a part of the law of American Samoa by force of Sec. 3(1) of the Codification of the Regulations and Orders for the Government of American Samoa. *Talo v. Poi*, No. 16-1937.

The evidence shows that the possession of the Asoaus has been of such character beginning with the establishment of the Government in Manua and continuing to the present time as to wipe out any claim by another and to perfect the title in themselves, if there was any defect in their title.

The Registrar of Titles will be advised to register the land "Malae" in Faleasao as the property of the Asoau in his capacity as the matai of the Asoau family.

Court costs in the sum of $25.00 are hereby assessed against Siva, the same to be paid within 60 days.